UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

KIMBERLY DAWN REECE, )
)
        PLAINTIFF, )
)
vs. ) CASE NO. 17-CV-59-FHM
)
NANCY A. BERRYHILL, Acting )
Commissioner of the Social Security )
Administration, )
)
        DEFENDANT. )

## OPINION AND ORDER

Plaintiff, Kimberly Dawn Reece, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th

---

[1] Plaintiff Kimberly Dawn Reece's application was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) David W. Engel was held November 2, 2015. By decision dated November 24, 2015, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on December 20, 2016. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 44 years old on the alleged date of onset of disability and 46 on the date of the denial decision. Plaintiff has her associate's degree[2] in social work and her past work experience includes customer service representative, loan clerk, and janitor. Plaintiff claims to have become disabled as of January 17, 2014 due to bipolar disorder, schizoaffective disorder, depression, and anxiety. [R. 242].

## **The ALJ's Decision**

The ALJ found that Plaintiff has severe impairments relating to moderate osteoarthritis of the knees, morbid obesity, COPD, schizoaffective disorder, bipolar type, and generalized anxiety disorder. [R. 25]. The ALJ determined that Plaintiff has the residual functional capacity to perform light to sedentary exertional work; walking and standing is limited to 2 hours of an 8-hour workday with regular work breaks. Plaintiff is

---

[2] Two year college degree.

2

able to sit for 6 hours of an 8-hour workday with regular work breaks. Plaintiff is able to climb ramps or stairs only occasionally; is able to bend, stoop, crouch, and crawl not more than occasionally; is unable to climb ropes, ladders, and scaffolds; or work in environments where she would be exposed to unprotected heights and dangerous moving machinery parts. Plaintiff is able to perform tasks requiring overhead reaching more than occasionally; and unable to perform tasks requiring the use of foot pedals more than occasionally. Plaintiff is also limited to simple instructions and to occasional public contact. [R. 27-28]. The ALJ determined that Plaintiff was unable to perform her past relevant work as a customer service representative, loan clerk, or janitor. [R. 31]. Further, based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform. [R. 32-33]. Accordingly, the ALJ found Plaintiff was not disabled. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ failed to: 1) properly consider medical source opinions; and 2) properly consider Plaintiff's statements. [Dkt. 14, p. 4].

## Analysis

### Medical Source Opinions

Plaintiff argues that the ALJ failed to properly consider the opinion of Plaintiff's treating physician, Dr. Shirley L. Chesnut, D.O. Plaintiff contends Dr. Chesnut's opinion should outweigh the opinion from a nonexamining physician. [Dkt. 14, p. 5]. A treating

3

physician's opinion is accorded controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. However, if the opinion is deficient in either of these respects, it is not given controlling weight. When an ALJ decides to disregard a medical report by a claimant's physician, he must set forth specific, legitimate reasons for his decision. An ALJ "may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." *Watkins v. Barnhart,* 350 F.3d, 1297, 2003 WL 22855009 (10th Cir. 2003). If the ALJ decides that a treating source's opinion is not entitled to controlling weight, he must determine the weight it should be given after considering: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the treating source's opinion is supported by objective evidence; (4) whether the opinion is consistent with the record as a whole; (5) whether or not the treating source is a specialist in the area upon which an opinion is given; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. See 20 C.F.R. § 404.1527(d)(2)-(6).

Plaintiff began mental health treatment with Dr. Chesnut at Northeastern Tribal Health System in January 2012. [R. 382-383]. On October 27, 2014, Dr. Chesnut completed a *Medical Source Statement - Mental,* [R. 404-406], opining Plaintiff was unable to perform 50% or greater in most areas of mental functioning based upon bipolar disorder, schizoaffective disorder, and auditory hallucinations. Dr. Chesnut opined that Plaintiff had the ability to interact appropriately with the public and accept instructions and criticism from

4

supervisors 40% of the time, and had the ability to maintain socially appropriate behavior and basic standards of neatness and cleanliness 30% of the time.

The ALJ addressed Dr. Chesnut's opinion as follows:

> Dr. Holloway gave little weight to the opinion evidence (by Dr. Chesnut at Exhibit 5F) that rated Ms. Reece's mental abilities. Dr. Holloway wrote there was insufficient supporting data for the ratings. Further, Dr. Chesnut's diagnosis of mental retardation was not supported and against the weight of the data. Dr. Holloway, as well as the undersigned, gave great weight to the findings of examining psychologist Derrise Garner, Psy.D. Dr. Garner found the claimant's concentration problems to be likely the result of her medication or psychiatric interference rather than a cognitive dysfunction. If that is true, her concentration is more likely to improve than if she had a permanent cognitive disorder. Ms. Reece had enough concentration to go through two years of college education. She achieved an associate (2-years college) degree in social work. She was never found to have a learning disability (Exhibit 4F, page 2).

[R. 31].

The ALJ did not give controlling weight to Dr. Chesnut's opinion because it was not supported by medical evidence and was inconsistent with the record. Dr. Chesnut's findings of extreme disability are not supported by her own treatment notes. Dr. Chesnut consistently noted that Plaintiff was pleasant; cooperative; doing well on medication; denied severe depression; mood swings; mania; agitation; or insomnia. [R. 325, 327, 328, 330, 336, 337, 343, 350,422, 428, 450, 452, 463]. Her records simply recount Plaintiff's own reports of her symptoms, but do not reflect any objective findings. Plaintiff's functional limitations are contradicted by Plaintiff's own testimony concerning her activities of daily living including the ability to cook meals, showering or bathing on a daily basis; driving multiple times per week; shopping; cross stitching; and reading. [R. 26, 400]. Plaintiff also

5

cares for her young grandson which includes changing diapers and putting him down for a nap. [R. 57-60, 410, 435, 448, 465].

The responsibility for determining the weight of the evidence rests with the ALJ. The record supports the ALJ's findings that the evidence was inconsistent with Dr. Chesnut's opinion about Plaintiff's limitations. The evidence relied upon by the ALJ is evidence a reasonable mind could accept as adequate to support a conclusion, and the evidence relied upon by the ALJ is not overwhelmed by other record evidence. The court finds no error in the ALJ's treatment of Dr. Chesnut's opinion.

Plaintiff argues that the ALJ did not perform an independent analysis of Dr. Chesnut's opinion. Plaintiff contends that had the ALJ considered the applicable factors, Dr. Chesnut's opinion should outweigh the opinion of a non-examining physician. *See* 20 C.F.R. § 404.1527(c). [Dkt. 14, p. 4-5]. The court does not agree. The ALJ noted Dr. Chestnut was Plaintiff's treating physician and accurately discussed her treatment records over a two year period. In considering whether Dr. Chestnut's opinion was consistent with the medical evidence, the ALJ found her diagnosis of mental retardation was not supported and against the weight of the data. Plaintiff completed two years of college achieving an Associates Degree and she was never found to have a learning disability. [R. 30-31]. The ALJ adopted the opinion of state agency physician, Dr. Holloway, giving little weight to Dr. Chesnut's opinion concerning Plaintiff's mental abilities and severe mental limitations. [R. 31]. The court finds that the ALJ appropriately considered Dr. Chesnut's opinion and that the opinion is not supported by other evidence in the record.

Plaintiff argues that the ALJ committed reversible error because he gave Dr. Garner great weight but did not include Dr. Garner's limitations regarding limited contact with

6

coworkers and supervisors in the RFC assessment. [R. 398-402]. However, the ALJ also gave great weight to Dr. Holloway who did not assess those limitations. [R. 124-131]. In deciding the RFC, this conflict was resolved by the ALJ in favor of Dr. Holloway noting Plaintiff was never found to have a learning disability, had enough concentration to complete two years of college education, and attained an associates degree. [R. 31]. While it would have been preferable for the ALJ to specifically state in his decision that he rejected Dr. Garner's limitations regarding contact with coworkers and supervisors and accepted Dr. Holloway's opinion, the decision is sufficient for the court to follow the ALJ's reasoning on this issue. Accordingly, the court sees no error in the ALJ's residual functional capacity determination.

## Credibility

Plaintiff also argues that the ALJ did not properly consider her subjective complaints and symptoms such as anxiety, concentration difficulties, hallucinations, impulsive spending, and isolation. [Dkt. 14, p. 7-9, 30]. "Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005)(citation, brackets, and internal quotation marks omitted).

The ALJ reduced Plaintiff's credibility because of her earnings record. [R. 30-31]. The ALJ stated that "the earnings and her pattern of very short-term jobs bring into question her work commitment." The wage documentation covers a period of time from

1984 to 2014. [R. 215-237]. This documentation includes Plaintiff's wages from X-Ray Specialists, Inc., in 2000-2005; Walmart in 2001-2003; and Ottawa Tribe in 2008-2011, [R. 221-224], which would not be considered short-term employment. However, when viewing Plaintiff's work history as a whole, her earnings are well below that which would qualify as substantial gainful employment. [R. 216].

The ALJ also expressly noted the contradiction between the evidence and Plaintiff's testimony. [R. 30]. Plaintiff reported time and time again that she was not depressed, did not have mood swings, agitation, or insomnia. Plaintiff stated she was doing well on her medication and did not receive treatment from a psychiatrist or psychologist. Medical records reveal Plaintiff was alert; oriented; pleasant; cooperative; well-groomed; euthymic mood; appropriate; maintained good eye contact; normal speech; clear, logical, goal-oriented thought processes; and estimated to have average intelligence. [R. 325, 328, 331, 391, 400-401, 408, 411, 418, 423, 425, 429-433, 437, 446-47, 451, 453, 456, 460, 464, 466]. Plaintiff's testimony, however, indicated that she was "overwhelmed" despite medication and that she was unable to concentrate.

The court finds that the ALJ performed an adequate credibility analysis. The ALJ cited numerous grounds, tied to the evidence, for the credibility finding, including Plaintiff's inconsistent statements about her activities and her weak work history before the alleged onset of disability. [R. 26-27, 30-31]. The ALJ thus properly linked his credibility finding to the record, therefore, the undersigned finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

## **CONCLUSION**

The court finds that the ALJ evaluated the record in accordance with the legal

8

standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 20th day of December, 2017.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE